12 CIV 8417

Robert Blossner, Esq.
Vikrant Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANIEL VEGA,

                        Plaintiff,

            -against-

THE CITY OF NEW YORK, P.O. SYKES,
P.O. SPASIANO, DET. WEIR, P.O. WILSON-PHILLIPS
JOHN AND JANE DOES, 1-10, ET AL.,

                        Defendants.
------------------------------------------------------------x

**COMPLAINT**

Jury Demand

        Plaintiff DANIEL VEGA (hereinafter "Plaintiff") by and through his

attorneys, Robert Blossner, Esq. and Vikrant Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 198and 1988 for violations of

his civil rights, as secured by statutes and the Constitution of the State of New York and

the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§1981,1983 and 1988, and

the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York

Constitutions and under New York state laws.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Bronx, State of New York.

7.    Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    The individually named and John Doe defendants are members of the NYPD and upon information and belief assigned to the 44th precinct and are sued in their individual, official and when appropriate in their supervisory capacities and while acting under the color of state law.

## FACTS

9.    Plaintiff who is a minor has been subjected to four separate arrests beginning in November 24, 2009 until the most recent arrest January 11, 2011. All the charges arising out of said arrests have been dismissed.

10.    Upon information and belief, during the course of plaintiff's arrest and processing members of the 44th precinct sexually assaulted plaintiff by unnecessarily touching his private parts and fondling him.

### 1st incident involving the 44th precinct

11.    On November 24, 2009, at approximately 7 pm, plaintiff helped a friend's sister by assisting her carry her baby-carriage up the stairs of the building at 1236 Clay Avenue, Bronx, New York.

12.    As plaintiff was leaving the building after helping his friend's sister, defendants Sykes and Spasiano pushed Plaintiff back inside the building and started interrogating him.

13.    Plaintiff who was 16 at the time answered the officers' questions as to why he had been inside the building.  The defendants then searched plaintiff thoroughly by putting their hands inside Plaintiff's underwear and fondled the infant plaintiff in an apparent ruse to search him for drugs.

14.    Although no drugs or other contraband was found, plaintiff was nevertheless arrested and charged with criminal trespass in the second degree, criminal trespass in the third degree and trespass.

15.    Plaintiff was thereafter transferred to the 44th precinct and processed where he was finger-printed, photographed and then taken to Central Booking even though plaintiff was a minor at the time.

16.    After about 24 hours in custody, plaintiff was finally released.

17.    Several months after his arrest, all charges against the plaintiff were dismissed.

## 2nd Incident involving the 44th precinct

18.     On March 11, 2010, plaintiff was lawfully inside the premises of 1232 Clay Avenue, Bronx, New York, visiting his family when around 8 pm, when the same defendant Spasiano encountered plaintiff.

19.     Once again, defendant Spasiano searched plaintiff in a sexual manner by putting his hands inside plaintiff's private parts and fondled plaintiff and then falsely accused him of criminal possession of a weapon in the 4th degree.

20.     Plaintiff was once again held for more than 24 hours and after being processed and strip-searched in the same manner as the previous arrest and was only then released from Central Booking.

21.     Eventually the false charges against plaintiff were dismissed after numerous court appearances.

## 3rd Incident involving the 44th precinct

22.     On June 15, 2010, around 5 pm, plaintiff was visiting 1236 Clay Avenue, Bronx, New York, and talking in the hallway of that building with his friend and his family.

23.     At that time, defendant officers Wilson-Phillips and Weir approached plaintiff and made statements insinuating plaintiff was a homosexual in front of friend and friend's family.

24.     The defendant officers then took plaintiff to the side and once again searched inside his clothes and in so doing fondled him. Knowing full well that plaintiff was visiting his friend Tyrone and his family, defendants nevertheless arrested him and

charged him with three (3) counts of trespass and a violation for possessing a small bag of marijuana.

25.     Once again, plaintiff, a minor, was processed through the system and after approximately 48 hours released from custody.

26.     Once again all the charges against plaintiff were dismissed.

### 4th incident involving the 44th precinct

27.     On January 11, 2011, plaintiff was lawfully in front of 1236 Clay Avenue, Bronx, New York, when he was approached by defendant officer Weir and charged with unlawful trespassing.

28.     Once again, plaintiff was put through the system until the charges against him were dismissed and sealed.

29.     For the total of four times, on separate occasions, it appears that plaintiff was fondled by the defendants and falsely charged based upon his race and color, and sexual orientation (mistaken or not).

30.     Defendants created a pattern of these activities and such activity was based upon encouragement by defendant City of New York's NYPD's goal to arrest people in order to meet quotas and unnecessarily harass minorities thus creating a custom and practice of unnecessarily arresting people for trespassing even though they were lawfully inside the premises for which they were alleged to have trespassed.

31.     The individual defendants also created a pattern by continuously stopping plaintiff and sexually assaulting him during the arrest processand insinuating that Plaintiff was a homosexual and presumably enjoyed being touching by males even though Plaintiff was a minor at the time of his arrest.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest)

32.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    There was no probable cause for the arrests or the continued incarceration of plaintiff on each of the four separate occasions and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

34.    As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure violated and he sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.    The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

37.    As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Deprivation of First Amendment Rights)

38.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants have a pattern, policy and practice of unlawfully stopping, frisking and arresting innocent individuals solely based on their background.

40.    Due to defendants' actions plaintiff's right to freely move about and express himself without fear of being accosted by defendants deprived him of his rights secured under the First Amendment.

41.    Defendants also violated *minor* plaintiff's privacy rights by intruding upon his body and touching and fondling him in a manner that had no justifiable lawful means and was done solely to subject plaintiff to degradation.

42.    Defendants actions subjected plaintiff to violation of his state and federal rights.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution)

43.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.    Defendants arrested plaintiff based on no probable cause and as a result all of the complaints for which Plaintiff was arrested for were eventually dismissed.

45.    However, Plaintiff had to endure numerous court appearances as a minor and treated as a criminal, deprived of liberty interest until the charges against him were eventually dismissed.

46.    As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (*Monell*/Municipal Liability)

47.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States. Defendants' pattern of arresting plaintiff, a minor, on the same spurious charges of trespassing were unlawful and exhibited a practice and custom of these defendants that clearly violates *Monell* and subjects the City of New York to Municipal Liability.

49.    The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, stopping and frisking and fondling innocent citizens for no reason but for the sole purpose of degradation of detainees, self gratification, detaining them without charging them with a

8

crime without due process only to increase their overtime pay and arrest quota. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

50.    As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51.    The foregoing customs, policies, usages, practices, procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

52.    Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Deliberate Indifference/Eighth Amendment Violation)

53.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Plaintiff's arrest and continued incarceration as a minor was unlawful and subjected him to cruel and unusual punishment in that Plaintiff, a minor, was strip-

searched and forced to undergo through the penal system for crimes that he had not committed.

55.     Defendants were deliberately indifferent to the rights of the plaintiff and as a result, plaintiff suffered injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of Rights under Section 1981)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants targeted plaintiff based on his race and color and discriminated against him by arresting him on false and spurious charges.

58.     As a result of defendants' conduct, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs, expenses and disbursements of this

action; and

(D) such other and further relief as appears just and proper.


Dated: New York, New York
       November 15, 2012

                                        Vikrant Pawar, Esq.
                                        Robert Blossner, Esq.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007
                                        (212) 571-0805

                                        By:

                                            Vikrant Pawar (VP9101)
                                            Robert Blossner (RB0526)
                                            *Attorneys for Plaintiff*